## Roberts Machine Company *v.* Kelly, Appellant.

*Judgment—Opening judgment—Discretion of court—Sale—Warranty— Evidence.*

The appellate court will not review the discretion of the lower court refusing to open a judgment entered on a judgment note given for the price of a boiler, where the evidence as to the breach of a warranty set up by the defendant is uncertain and contradictory.

Argued May 10, 1905.    Appeal, No. 129,'April T., 1905, by defendant, from order of C. P. Lawrence Co., Dec. T., 1902, No. 106, discharging rule to open judgment in case of Roberts Machine Company to use of State National Bank of Cleveland. Before BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Rule to open judgment entered on a judgment note for the price of a boiler.    Before WALLACE, P. J.

The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

*E. M. Underwood*, for appellants.

*J. Norman Martin*, for appellee.

OPINION BY BEAVER, J., July 13, 1905:

After a careful reading of the testimony in this case, we can see no occasion for interfering with the decree of the court in discharging the rule to show cause why the judgment entered upon a judgment note of the defendants should not be opened and the defendants let into a defense.

Assuming, for the sake of the argument, that the allegation of the defendants as to the warranty by the legal plaintiff is true in every respect, it is not shown that the boiler at the time of the delivery to the defendants was not as represented.    The plaintiff's testimony shows that it was tested after the repairs were made.    The defendants' testimony shows that it leaked after several months' use.    Whether it was in a leaky condi-

tion at the time of delivery or whether the hard usage, as to which the witness Meehan who repaired it testified, occurred after or before the sale, does not appear.

The judge of the court below evidently carefully considered the testimony and, with the exercise of his discretion in the premises, we can find no grounds upon which to base our interference.

The order discharging the rule to show cause is affirmed